[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12531
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00255-CR-ORL-35DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO DELGADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 30, 2010)

Before EDMONDSON, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant, while on federal probation, was arrested for reckless driving. The Federal Sentencing Guidelines recommended three to nine months imprisonment. The District Court sentenced Defendant to a 12-month imprisonment and three years of supervised release. Defendant appeals the District Court's upward departure from the sentencing guidelines. We see no reversible error; we affirm.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 591 (2007).

Defendant was on federal probation for drug-related offenses when he was arrested for reckless driving. According to a deputy sheriff who saw the entire incident, Defendant attempted to veer into another vehicle, a red Toyota, six or seven times. After opening his door to yell at the driver of the Toyota, Defendant drove off at a high rate of speed -- in the estimation of the deputy, exceeding 100 miles per hour while weaving through traffic. The deputy followed Defendant home, where Defendant was arrested.

At the time of his arrest, Defendant told police that the driver of the red Toyota was his ex-girlfriend and the mother of his children. He also said that he

was racing another vehicle driven by her current boyfriend.

At a hearing before a magistrate judge, Defendant claimed that his reckless driving was a result of engine trouble and denied knowing the driver of the red Toyota. Defendant also denied telling the police officer anything about his ex-girlfriend or her current boyfriend. The magistrate judge found that Defendant's testimony was "unworthy of belief." The magistrate judge's report and recommendation said that Defendant had violated his probation.

At the sentencing hearing in District Court, Defendant accepted the magistrate judge's report and recommendation without objection. The District Court then calculated the sentencing guidelines range, again without objection. Defendant did object to the 12-month sentence.

Defendant contends that the District Court exceeded the guideline recommendation because the District Court thought Defendant was harassing his ex-girlfriend. According to Defendant, this reason was an improper one to extend the sentence because it was an unreasonable interpretation of the facts. The belief that Defendant's history with his ex-girlfriend was a reason for departing upwards was supported some by the final condition on the Supervised Release form: "The defendant is to **have no contact with the victims**, Joanie Benitez and Peter Martinez." The government had brought up a series of Defendant's past domestic

disturbance incidents during the sentencing hearing, none of which were supported by evidence or police reports. Defendant contends that the District Court improperly considered these allegations when the District Court determined Defendant's sentence.

The District Court, in an oral explanation of the sentence, explicitly stated that it considered all of the section 3553(a) factors. It then stated which factors led it to exceed the guideline recommendation. The District Court concluded that Defendant (1) was a danger to the community, (2) demonstrated a lack of candor to both the magistrate judge and the District Court, and (3) showed no remorse for his acts. The District Court did not mention Defendant's past relationships, other than to order Defendant to stay away from his ex-girlfriend.

We first review the District Court for procedural error. Gall v. United States, 128 S. Ct. 586, 597 (2007). In Gall, the Supreme Court taught that reliance on clearly erroneous facts would be a procedural error. Id. We see none. Defendant has not presented sufficient evidence for us to determine that the District Court relied on clearly erroneous facts.

The plain language of the District Court shows that it did not rely on the identity of the driver of the red Toyota in determining Defendant's sentence. If the District Court had relied on the identity of the driver, the Court, as the finder of

4

fact, was entitled to disbelieve Defendant's testimony and credit his statement to the police officer at the time of Defendant's arrest. See, United States v. De Varon, 175 F.3d 930, 945 (11th Cir. 1999)(en banc) ("As the Supreme Court has recognized, a trial court's choice between 'two permissible views of the evidence' is the very essence of the clear error standard of review." (internal citation omitted)). And because the District Court was entitled to believe that Defendant was being truthful when he was arrested, relying on that statement would not be reliance on a clearly erroneous fact.

Next we assess the substantive reasonableness of the sentence. Gall, 128 S. Ct. at 597. Based on the three factors the District Court mentioned during the sentencing hearing, we see no abuse of discretion by the District Court in deviating upwards from the guidelines.

Because we cannot say that the District Court failed to follow the proper sentencing procedures or abused its discretion in the substantive reasonableness of the sentence, we affirm the District Court's sentence.

AFFIRMED.